IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FORRESTER C. CUSTER,                )
                                    )
        Plaintiff,                  )
                                    )
        v.                          )   Civil Action No. 10-0841
                                    )
MICHAEL J. ASTRUE,                  )
Commissioner of Social              )
Security,                           )
                                    )
        Defendant.                  )

MEMORANDUM

Gary L. Lancaster,
Chief Judge.                                September 30, 2011

This is an appeal from the final decision of the Commissioner of Social Security denying plaintiff's claim for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI") under Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C. § 405, et seq.; 42 U.S.C. § 1381, et seq. Plaintiff, Forrester C. Custer, argues that the court should reverse the decision of the Administrative Law Judge ("ALJ") and award him benefits because he is disabled due to stenosis and degenerative disc disease in the lumbar spine. The parties have filed cross-motions for summary judgment.

Mr. Custer contends that the ALJ improperly rejected certain medical findings in concluding that his injuries were not so severe as to preclude sedentary work. Mr. Custer also argues that the ALJ failed to give due credit to Mr. Custer's

own testimony regarding the extent of his disability. Defendant contends that there is substantial evidence to support the ALJ's ultimate conclusion that Mr. Custer is not disabled under the Act. According to defendant, the ALJ properly evaluated and considered Mr. Custer's credible impairments, and also properly considered the medical evidence.

Based on the evidence of record and the briefs filed in support of each party's motion for summary judgment, the court concludes that substantial evidence supports the Commissioner's finding that Mr. Custer is not disabled.

I.  BACKGROUND

Mr. Custer applied for DIB and SSI benefits on July 19, 2006, alleging disability as of January 1, 2006. These claims were administratively denied on November 21, 2006. Mr. Custer responded by filing a written request for a hearing. On April 29, 2008, a hearing was held in Seven Fields, Pennsylvania before ALJ James J. Peliggi. Mr. Custer appeared and testified at the hearing. Alina M. Kurtanich, an impartial vocational expert, also testified at the hearing. In a decision dated May 14, 2008, the ALJ determined that Mr. Custer was not disabled within the meaning of the Act. On April 26, 2010 the Appeals Council denied Mr. Custer's request for review, making the ALJ's decision the final decision of the Commissioner. Mr. Custer commenced this action on June 22, 2010, seeking judicial review

of the Commissioner's decision. Mr. Custer and the Commissioner filed motions for summary judgment on October 13, 2010 and December 15, 2010, respectively.

II.   STANDARD OF REVIEW

Where the Commissioner's findings are supported by substantial evidence, we must affirm. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 390 (1971); Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992).

Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotation omitted). It is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence[.]" Rutherford, 399 F.3d at 552 (internal quotation omitted). As long as the Commissioner's decision is supported by substantial evidence, it cannot be set aside even if the court "would have decided the factual inquiry differently." Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999).

III.   DISCUSSION

In this case, Mr. Custer is challenging the ALJ's decision that Mr. Custer's residual functional capacity (RFC) is compatible with sedentary work available in the national

economy. The court must decide whether the ALJ's decision that Mr. Custer can perform sedentary work was supported by substantial evidence.

Following the sequential evaluation process set forth by the Social Security Administration, the ALJ first determined that Mr. Custer had not engaged in substantial gainful activity after January 1, 2006, his alleged onset date. See Plummer v. Apfel, 186 F.3d 422, 428 (3d Cir. 1999) (outlining the five step social security claim evaluation process).

Second, the ALJ determined that Mr. Custer had the following severe impairments: mild stenosis at the L4-L5 levels and degenerative disc disease in the lumbar spine. The ALJ also concluded that Mr. Custer did not suffer from mental impairment in the nature of an anxiety disorder.

Third, the ALJ found that Mr. Custer's impairments did not match the criteria of those impairments "presumed severe enough to preclude any gainful work." Id. (citing 40 C.F.R. § 404.1520(d)).

Next, the ALJ assessed Mr. Custer's RFC in order to determine whether he was capable of performing past relevant work under step four, and whether he was capable of performing some work available in the national economy under step five. The ALJ's RFC finding was as follows:

> the claimant has the residual functional
> capacity to perform sedentary work as
> defined in 20 CFR 404.1567(a) and 416.967(a)
> except that the claimant cannot crouch,
> crawl, kneel, climb, or balance; the
> claimant cannot perform repeated bending at
> the waist to 90°; and the claimant can have
> no more than occasional trunk twisting to
> extremes of motion (the claimant would also
> need a sit/stand option).

Based on this RFC determination, the ALJ concluded that Mr. Custer was not able to perform his past relevant work, which involved medium to heavy exertion, but that he was able to perform sedentary work. The vocational expert testified that there were jobs in the national economy available to someone of Mr. Custer's age, education, work experience, and RFC. Accordingly, the ALJ found that Mr. Custer was not disabled, as defined in the Social Security Act. We conclude that this finding was supported by substantial evidence.

The ALJ based his determination of Mr. Custer's RFC on a full and appropriate consideration of the credible impairments caused by Mr. Custer's mild stenosis and degenerative disc disease in the lower back. The ALJ viewed the medical evidence in light of Mr. Custer's full medical history, and the results of his examinations. Contrary to Mr. Custer's arguments, the ALJ acted within his discretion in concluding that certain medical findings were outweighed by other medical evidence.

Specifically, we find that the ALJ's consideration of the reports of Drs. Anderson, Sartori, and Haywood was proper.[1]

First, the ALJ, properly rejected Dr. Anderson's finding that Mr. Custer must lie down three times per day for 60 minutes at a time. [Doc. No. 7-1 at 109.] The ALJ determined that this was inconsistent with Dr. Anderson's other findings, Mr. Custer's MRI and x-ray results, and Mr. Custer's course of treatment. Second, the ALJ properly concluded that Dr. Sartori's findings were "internally inconsistent." Dr. Sartori's report stated that Mr. Custer had a maximum lift/carry weight of two to three pounds and that he could sit for no more than six hours. But the same report also stated that Mr. Custer's muscle strength was "excellent", and that he could "perform exercises including sitting, walking, standing, and grasping." [Doc. No. 7-1 at 69.] Based on this apparent contradiction, it was reasonable for the ALJ to disregard Dr. Sartori's findings as to Mr. Custer's lifting and sitting capabilities because they were inconsistent with more credible medical evidence. Third, the ALJ properly relied on the findings of state agency Dr. Haywood. Dr. Haywood's findings regarding Mr. Custer's condition were similar to those of Drs. Anderson and Sartori, but he reached the conclusion that Mr. Custer was capable of a higher level of

---

[1] The ALJ refers to the state agency doctor as Dr. Kaywood in his decision, but the doctor's report is signed "Randy Haywood". The court will refer to him as Dr. Haywood.

6

physical activity, i.e., standing/walking for six hours per day, lifting up to 50 pounds occasionally, and lifting up to 25 pounds frequently. [Doc. No. 7-1 at 92.] We find no error in the ALJ's treatment of any of these doctors' findings.

Mr. Custer argues, relying on Allen v. Bowen, 881 F.2d 37 (3d Cir. 1989) and other cases, that the ALJ improperly rejected the findings of treating physicians, and instead substituted his own view. But unlike Allen, this is not a case where the ALJ has ignored the opinions of treating physicians without reason. While treating physicians' opinions are given great weight, an ALJ can disregard certain aspects of those opinions for specific and legitimate reasons. Ruscio v. Astrue, No. 09-65-J, 2010 WL 3584944, at *1, n.1 (W.D.Pa. Sept. 14, 2010). Here, the ALJ provided specific and legitimate reasons for declining to rely on certain findings of Mr. Custer's examining physicians. Furthermore, the record does not demonstrate that Drs. Anderson and Sartori provided the level of care necessary to afford their findings great weight. Plummer, 186 F.3d at 429 (observing that great weight should be given to treating physicians' opinions "especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time") (internal quotation omitted). The ALJ relied on the entire record of Mr. Custer's lower back problems, as well as his testimony, when

determining that Mr. Custer was capable of performing sedentary work. The ALJ's reasoning reflects an appropriate balancing of the various physicians' findings and explanations for those findings.

Finally, the record demonstrates that the ALJ's credibility determinations were supported by substantial evidence. The ALJ provided a rationale for all credibility findings regarding Mr. Custer's alleged impairments, and grounded those findings on the medical evidence of record. Indeed, the record, including Mr. Custer's testimony, demonstrates that Mr. Custer may have been capable of "medium work" and not simply sedentary work. [Doc. No. 7 at 18.] Furthermore, the ALJ correctly relied on evidence regarding Mr. Custer's course of treatment – which the ALJ found to include a lack of significant treatment – in assessing the credibility of his testimony. See Frazier v. Apfel, No. 99-cv-715, 2000 WL 288246, at *8-9 (E.D.Pa. March 7, 2000) (noting that ALJ can rely on information regarding treatment in making credibility determination). The ALJ's conclusion that Mr. Custer was capable of sedentary work was based on a fair assessment of Mr. Custer's testimony and his credibility, and the ALJ provided sufficient explanation to the extent he did not find Mr. Custer's testimony credible.

IV.     CONCLUSION

For the foregoing reasons, we affirm the decision of the ALJ denying plaintiff's application for disability insurance benefits and supplemental security income benefits. The Commissioner's Motion for Summary Judgment will be granted, and Mr. Custer's Motion for Summary Judgment will be denied.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FORRESTER C. CUSTER, )
)
      Plaintiff, )
)
v. ) Civil Action No. 10-0841
)
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security, )
)
      Defendant. )

ORDER

AND NOW, this 30 day of September, 2011, IT IS HEREBY ORDERED that plaintiff's motion for summary judgment [Doc. No. 9] is DENIED and defendant's motion for summary judgment [Doc. No. 13] is GRANTED.

IT IS FURTHER ORDERED that final judgment in the court is entered pursuant to Rule 58 of the Federal Rules of Civil Procedure and the Clerk of Court is directed to mark this case closed.

BY THE COURT:

/s/ Gary L. Lancaster, C.J.

cc: All Counsel of Record